13-4582
Zhu v. Lynch

BIA
Poczter, IJ
A201 295 296

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand fifteen.

PRESENT:

> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

GUIMING ZHU,

> *Petitioner,*

> v.                                                13-4582
>                                                    NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,[1]

> *Respondent.*

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONER:**	Vlad Kuzmin, New York, New York.

**FOR RESPONDENT:**	Joyce R. Branda, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Corey L. Farrell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guiming Zhu, a native and citizen of People's Republic of China, seeks review of an October 23, 2013, decision of the BIA affirming a May 30, 2012, decision of an Immigration Judge ("IJ") denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guiming Zhu,* No. A201 295 296 (B.I.A. Oct. 23, 2013), *aff'g* No. A201 295 296 (Immig. Ct. N.Y. City May 30, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the

basis for denying relief that the BIA did not consider (the IJ's denial of relief as to Zhu's family planning claim). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Substantial evidence supports the agency's determination that Zhu failed to establish a well-founded fear of persecution on account of his practice of Falun Gong.

In order "to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). The only evidence Zhu submitted in support of his contention that Chinese officials had discovered his practice of Falun Gong in the United States were letters from his parents and wife. The agency reasonably gave little weight to these unsworn statements from interested parties who were not available for cross-examination. *See*

3

*Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).  Moreover, the letters lacked detail regarding how Chinese officials had discovered Zhu's newly commenced practice in a foreign country, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006), and Zhu's sister, who spoke regularly to their parents, could not corroborate that officials had purportedly visited them to threaten Zhu, *see Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (recognizing that, even if an applicant is deemed credible, the IJ may require corroboration when it reasonably would be expected).

The IJ also reasonably found that Zhu's evidence failed to show that Chinese authorities are likely to become aware of his practice of Falun Gong.  As the IJ noted, although Zhu testified that he would continue his new Falun Gong practice in China, he did not state whether he would practice in public or whether he would practice by himself at home (as he indicated is his normal practice in the United States).  Furthermore, the country conditions evidence in the record reveals that, prior to the ban on Falun Gong in 1999, there were tens of millions of

4

practitioners in China, and it does not discuss the Chinese government's current efforts to discover the identities of Falun Gong practitioners. Therefore, because Zhu did not state that he would practice Falun Gong in public in China and he did not submit evidence that Chinese officials make efforts to discover private practitioners, the IJ did not err in finding that he failed to demonstrate that officials are likely to become aware of his practice. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Accordingly, because Zhu failed to satisfy his burden of demonstrating that Chinese officials are aware of or likely to become aware of his practice of Falun Gong, substantial evidence supports the agency's determination that Zhu failed to establish a well-founded fear of persecution on account of his practice of Falun Gong. *See Hongsheng Leng*, 528 F.3d at 143. That finding was dispositive of asylum, withholding of removal, and CAT relief insofar as those claims were based on Zhu's Falun Gong claim. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d

5

Cir. 2006).  We do not consider the agency's alternative basis for denying relief—Zhu's failure to demonstrate that his fear of persecution (if discovered) was objectively reasonable.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk